O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA E. BROUGHTON, | ) Case No. CV 10-7842 RNB |
| Plaintiff, | ) |
| vs. | ) ORDER AFFIRMING DECISION OF ) COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation, which is directed to the adverse credibility determination of the Administrative Law Judge ("ALJ").[1]

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so.  See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, one of the ALJ's findings was that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's residual functional capacity. (See AR 20.)  The disputed issue raised by plaintiff is directed to this finding.

As a preliminary matter, the Court notes that the ALJ did not find that plaintiff had a medically determinable mental impairment, let alone a severe medically determinable mental impairment. (See AR 19.)  Plaintiff has not challenged the ALJ's failure to find that she suffered from a medically determinable mental impairment.  Since plaintiff's testimony in itself was not sufficient to establish the existence of a **medically determinable** mental impairment, the Cotton standard does not even apply to plaintiff's subjective mental complaints.  See Bunnell, 947 F.2d at 347-48 (noting that the impairment giving rise to the application of the Cotton standard must be medically ascertained).  In rejecting plaintiff's subjective mental complaints, the ALJ noted that, although plaintiff alleged that she had depression, she had never sought any mental health treatment of any kind and never been diagnosed with any mental impairment. (See AR 21.)  The ALJ further noted that plaintiff had a normal mental status examination when evaluated by the psychiatric examiner. (See

2

id. at 22, citing AR 218-19.) The Court finds that these reasons were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's subjective mental complaints.

The ALJ did find that plaintiff suffered from severe medically determinable physical impairments, and specifically hypertension, history of heart disease, lumbar strain, and left knee strain. (See AR 19.) It is plaintiff's subjective testimony regarding the limiting effects of those medically determinable physical impairments to which the Cotton standard applies. For the reasons discussed hereafter, the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly evaluate plaintiff's subjective testimony regarding the limiting effects of her medically determinable physical impairments.

With respect to plaintiff's allegations relating to her cardiac condition, including her testimony that she had had numerous heart attacks, the ALJ noted that plaintiff had had limited medical treatment for her cardiac condition and that the record did not show any recent hospitalization or diagnosis of any specific heart condition or that plaintiff had been referred to any specialists for evaluation of heart problems. (See AR 20-21.) Plaintiff does not dispute the ALJ's characterization of the record. The Court finds that the limited and lack of recent medical treatment for her cardiac condition constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may properly rely on lack of consistent treatment); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on lack of treatment); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on failure to pursue treatment); Flaten v. Secretary of Health & Human Svcs., 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ may properly rely on minimal medical treatment for back pain); Bunnell, 947 F.2d at 346 (ALJ may properly rely on plaintiff's unexplained or inadequately explained failure to seek treatment).

With respect to plaintiff's hypertension diagnosis, the ALJ noted that the medical evidence did not show that plaintiff had any complications from this condition and that plaintiff continued to smoke despite having been previously advised to stop smoking. (See AR 21, citing AR 183, 245, 265.) An ALJ may properly rely on a plaintiff's unexplained or inadequately explained failure to follow a prescribed course of treatment. See Bunnell, 947 F.2d at 346; Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989). Thus, plaintiff's failure to follow to comply with the advice to stop smoking arguably also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Cantrell v. Astrue, 2012 WL 984289, at * 13 (D. Or. Mar. 22, 2012); Reeves v. Astrue, 2012 WL 1032778, at *6 (W.D. Wa. Mar. 6, 2012); Bybee v. Astrue, 2011 WL 6703568, at *8 (E.D. Cal. Dec. 21, 2011).

The ALJ also noted that plaintiff's allegations of body swelling and of inability to lift her left arm were inconsistent with the objective medical evidence, including the evidence of how plaintiff presented on examination. (See AR 21, citing inter alia AR 267.) Plaintiff does not dispute this characterization of the record, but rather contends that lack of support in the objective medical evidence was not a legally sufficient reason to reject plaintiff's testimony. (See Jt Stip at 7-8.) Contrary to plaintiff's contention, it was not improper for the ALJ to rely on inconsistencies between plaintiff's subjective complaints and objective medical evidence in the record. See, e.g., Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza, 50 F.3d at 750 (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman, 779 F.2d at

531 (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

With respect to plaintiff's testimony that she had not been able to see out of her right eye since 1984 (which plaintiff had listed in her disability report as one of the conditions that limited her ability to work (see AR 131)), the ALJ noted that, on examination, plaintiff had tested 20/70 in both eyes without glasses and had been able to move around the doctor's office without any help. (See AR 21, citing AR 273.) The ALJ further noted that plaintiff had not seen an ophthalmologist for her vision problem "in a while" despite being unable to see out of her right eye since 1984 and despite not wearing glasses in the last 10 years. Finally, the ALJ noted that the record showed plaintiff had been able to work in various simple jobs since 1989 despite having issues in her vision. (See AR 21, citing AR 132.) Again, plaintiff does not dispute this characterization of the record. Under Ninth Circuit jurisprudence, the inconsistency between plaintiff's statement that her vision problem limited her ability to work and plaintiff's work record constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (ALJ may properly rely on inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, claimant's daily activities, and claimant's work record).

The ALJ also noted that plaintiff's testimony, including her testimony regarding how she required her sister's help with getting dressed and into the bathtub (see AR 46, 51-52), was inconsistent with plaintiff's previous statement that she had no problems with personal care and was able to prepare simple meals and perform housework, such as cleaning and doing the laundry. (See AR 21-22, citing AR 139-40.) The Court finds that this reason also constituted a legally sufficient reason, supported by the evidence of record, on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Thomas, 278 F.3d at 958-59; Morgan, 169 F.3d at 600 (ALJ may properly rely on contradictions between

5

claimant's reported limitations and claimant's daily activities); <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1130 (9th Cir. 1991) (ability to take care of personal needs, prepare easy meals, do light housework and shop for some groceries "may be seen as inconsistent with the presence of a condition which would preclude all work activity"); <u>see also Fair</u>, 885 F.2d at 604 n.5 (ordinary techniques of credibility evaluation apply in social security cases).

Finally, the ALJ noted that the record did not contain any opinions from treating or examining physicians indicating that plaintiff was disabled or had limitations greater than those determined by the ALJ. (<u>See</u> AR 22.) Again, plaintiff does not dispute this characterization of the record. The Court finds that this reason also constituted a legally sufficient reason on which the ALJ could properly rely in support of his finding that plaintiff had failed to meet her burden of proving that she suffered from a disabling impairment. <u>See</u> <u>Matthews v. Shalala</u>, 10 F.3d 678, 680 (9th Cir. 1993).

In conclusion, the Court finds that the ALJ's adverse credibility determination with respect to plaintiff's subjective testimony regarding the limiting effects of her medically determinable physical impairments was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit that subjective testimony. <u>See</u> <u>Thomas</u>, 278 F.3d at 958; <u>see also</u> <u>Fair</u>, 885 F.2d at 604 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.").

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: <u>May 8, 2012</u>

                                      ROBERT N. BLOCK
                                      UNITED STATES MAGISTRATE JUDGE